## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHEL HUTCHINS,                     )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )     Case No.    CIV-05-0743-F
                                     )
FIELD SUPPORT SERVICES, INC.,        )
                                     )
        Defendant.                   )

### ORDER

"Defendant's Motion for Summary Judgment," filed April 3, 2006, is before the court.   (Doc. no. 27.)   Plaintiff has responded and the motion is ready for determination.

This is an age discrimination case brought by plaintiff Michel Hutchins against defendant Field Support Services, Inc. (FSSI) under the Age Discrimination in Employment Act (ADEA).  Plaintiff alleges that FSSI failed to hire him for the position of electronics shop foreman based on his age.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress &

<u>Co.</u>, 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. <u>United States v. Agri Services, Inc.</u>, 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983).

Undisputed Facts

FSSI notified Mr. Hutchins that he was hired as electronics shop foreman, contingent upon the successful negotiation, and award to FSSI, of the Fort Sill Installation Support Services Contract.  FSSI then negotiated and was awarded the Fort Sill contract, however, there were delays in the start date of the contract.  During those delays, FSSI decided to hire another individual who was younger than Mr. Hutchins for the electronics shop foreman job, with the result that Mr. Hutchins never went to work for FSSI.

Mr. Hutchins had previously worked as electronic shop foreman for ITT, the company which had the Fort Sill contract prior to FSSI.  Mr. Hutchins was 64 years old at the time of the complained of adverse employment action.  The individual who FSSI hired instead of Mr. Hutchins, Phillip "Rick" Weese, was  44 years old at the time, nineteen years younger than Mr. Hutchins.

It is also undisputed that Mr. Hutchins began part-time work as an exterminator with Sterling Services on April 1, 2005.

<u>Discussion</u>

FSSI asks the court to enter summary judgment in FSSI's behalf on the ground that there is no evidence that FSSI's stated non-discriminatory reasons for not hiring Mr. Hutchins are pretextual.  In the event that the court denies summary judgment on Mr. Hutchins' ADEA claim as a whole, then FSSI asks the court to enter partial summary judgment in its favor on Mr. Hutchins' claims for back pay after April 1, 2005 and on his claims for front pay.

<u>A.  Age Discrimination Claim</u>

Neither party has identified any direct evidence of age discrimination and so the parties correctly invoke the three-step burden shifting framework of <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973).

<u>1.  *Prima Facie* Case</u>

FSSI does not argue that Mr. Hutchins cannot establish a *prima facie* case, and the court finds that he has presented evidence sufficient to state a *prima facie* case.

<u>2.  Legitimate Non-discriminatory Reason
for the Adverse Employment Action</u>

FSSI asserts that its non-discriminatory reason for deciding not to hire Mr. Hutchins is that during the delay of the start date for the Fort Sill contract, FSSI re-examined some of the hiring decisions which it had initially made.  During that process, FSSI contends that it received unfavorable information regarding Mr. Hutchins' work performance.  The court finds and concludes that FSSI has presented evidence of a legitimate, non-discriminatory reason for its decision not to hire Mr. Hutchins.

### 3.  Pretext

Pretext can be shown in a number of ways and goes to the determination of whether the employer's proffered reason for its adverse employment action is unworthy of belief.  *See*, <u>Simms v. Okla. ex rel. Dept. of Mental Health & Substance Abuse Serv.</u>, 165 F.3d 1321, 1328 (10th Cir. 1999) (Title VII case) and cases cited there.

In its moving brief, FSSI makes two main arguments in support of its position that there is no evidence of pretext.  FSSI points out that Mr. Hutchins testified in his deposition that "[o]ther than his own assumption," he had no other evidence that age "had anything to do with [his] not being hired by FSSI."  While damaging to plaintiff, this testimony is not  conclusive regarding the sufficiency of the record evidence, which is a legal question for the court.  FSSI also relies on certain statistical evidence, but the court finds that any inferences created by this evidence are disputed based on statistical evidence identified by the plaintiff.

In response to FSSI's evidence, Mr. Hutchins has shown inconsistencies in FSSI's  stated reasons for its decision not to hire Mr. Hutchins.  For example, plaintiff has presented evidence that FSSI advised plaintiff that the foreman position was eliminated although, in fact, the position was not eliminated.  Plaintiff has presented evidence that the person who was hired for the position, Mr. Weese, was nineteen years younger than plaintiff.  In response to FSSI's position that 68% of the people FSSI hired at the beginning of the Fort Sill contract on October 1, 2004 were over the age of 40, plaintiff has identified evidence indicating that at the time of the adverse employment action, all of the men hired in the electronics shop were younger than Mr. Hutchins.

In its reply brief, FSSI argues that there should be an inference of non-discrimination here because the same individual who made the decision to offer contingent  employment to plaintiff also made the decision to withdraw that offer of employment.  The reply brief also argues that subjective criteria are permissible for supervisory positions, and that the reasons plaintiff was not hired, while subjective, are valid and undisputed.  (The specific comments and evaluations of plaintiff's work performance which FSSI offers as the reason for its decision, as set forth, for example, in affidavits from Charles Johnson and Norman Andrew, are not included in FSSI's statements of undisputed facts so it is arguable that plaintiff has not been required to agree with these facts or dispute them.)  Finally, FSSI's reply brief argues that it is undisputed FSSI was forced to reevaluate its staffing requirements, citing undisputed fact no. 6. ( Undisputed fact no. 6, however, merely establishes what FSSI "informed" the plaintiff.)  Even if the court were to accept these arguments, they would not entitle FSSI to summary judgment based on the evidentiary record considered as a whole.

The court finds and concludes that there are disputed fact issues and inferences which must be construed in plaintiff's favor at this stage.  Accordingly, FSSI has not carried its burden to show that it is entitled to summary judgment on plaintiff's ADEA claim.

## B.  Back Pay After April 1, 2005, and Front Pay

FSSI has also  moved for summary judgment on Mr. Hutchins' claims for back pay after April 1, 2005, and on his claims for front pay.  FSSI's position is that it is entitled to judgment on these damages claims because Mr. Hutchins did not adequately mitigate his damages.

Mr. Hutchins accepted a part-time job as an exterminator with Sterling Services on April 1, 2005, the date after which FSSI argues Mr. Hutchins' pay claims are

foreclosed.  Although recognizing that it is generally the employer's burden to prove failure to mitigate damages, FSSI argues that an employer may be relieved of the usual burden to prove the availability of substantially equivalent jobs in the relevant geographic area once it has been shown that the former employee made no effort to secure suitable employment.  In support of this exception, FSSI cites cases from the First, Fourth, Fifth, and Eleventh Circuits.  FSSI argues that the exception should be applied here because, when asked in his deposition why he had not continued to look for suitable employment after April 1, 2005, Mr. Hutchins stated "I don't have an answer for that."  FSSI argues that Mr. Hutchins' own testimony establishes that he discontinued his job search for suitable employment on April 1, 2005.

Although damaging to Mr. Hutchins' claims for back pay after April 2, 2005 and front pay claims, Mr. Hutchins' deposition testimony does not conclusively establish that he made no effort to secure suitable employment after April 1, 2005. Moreover, Mr. Hutchins has questioned the evidentiary basis for considering many of the jobs which FSSI puts forward as examples of suitable positions available in the relevant geographic area.  Mr. Hutchins also argues that not all of these jobs were suited to his background.  Finally, the exception relied upon by FSSI for relieving the employer of its burden of proof on this issue appears to only be available, even in those circuits which recognize it, in the "relatively rare case" where a discharged employee "has remained completely idle following...discharge...."  Quint v. A.E. Staley Manufacturing Co., 172 F.3d 1, 16 (1st Cir. 1999).  By contrast, in this case it is undisputed that Mr. Hutchins secured part-time employment.

In the circumstances of this case, the court finds and concludes that there are disputed fact questions and inferences which preclude summary judgment on the

mitigation issue.  It further finds that the mitigation issue is best determined at trial based on a complete evidentiary record.

Conclusion

After careful consideration of the parties' submissions, the record, and the relevant authorities, "Defendant's Motion for Summary Judgment" is **DENIED**.

Dated this 11th day of May, 2006.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0743p008(pub).wpd